UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

SAM SCHAEFER,                      :

              Plaintiff,    :    No. 1:08 Civ. 6439 (JFK)

  - against -                      :    **Memorandum Opinion**
                                   **& Order**

MARCEL SMIGEL and CAMBRIDGE       :
CAPITAL AND MANAGEMENT CORP.,

                            :

              Defendants.

----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

      Plaintiff Sam Schaefer moves for summary judgment on his claim against Marcel Smigel and his company, Cambridge Capital and Management Corp. ("Cambridge"), for breach of a settlement agreement. For the reasons that follow, the motion is granted in part.

## Background

      The following facts are undisputed unless otherwise noted. Plaintiff and defendants were parties to a prior action in this Court entitled Schaefer v. Cambridge Capital and Management Corp., 05 Civ. 8329 (MGC) (the "First Action"). The First Action settled pursuant to a written settlement agreement dated January 11, 2007 (the "Settlement Agreement"). (Pl.'s Rule 56.1 Statement ¶ 4; Def.'s Rule 56.1 Statement ¶ 4.)

      In the Settlement Agreement, Smigel promised to deliver to plaintiff a promissory note in the amount of $960,000

(the "Note"), and Cambridge promised to execute a written guaranty (the "Guaranty"). (Pl.'s Rule 56.1 Statement ¶ 4; Def.'s Rule 56.1 Statement ¶ 4.)   In the event of default, the Settlement Agreement required defendants to pay any reasonable attorney's fees and costs that plaintiff "incurred in filing, enforcing and collecting" a judgment, plus post-judgment interest at an annual rate of six percent. (Def.'s Rule 56.1 Statement ¶ 12; Def.'s Mem. of Law in Opp'n 3-4.)

On January 11, 2007, Smigel delivered the Note and, on behalf of Cambridge, executed the Guaranty. (Pl.'s Rule 56.1 Statement ¶¶ 5-6; Compl. Ex. A; Def.'s Rule 56.1 Statement ¶¶ 5-6.)   The Note obligated Smigel to pay $960,000 in installments of $50,000 made every month between February 2007 and September 2008, at which time the remaining balance would be discharged with a final $10,000 payment. (Compl. Ex. A.)   The Note contains an acceleration clause making the entire balance due if Smigel defaults on a payment and fails to cure the default within thirty days of receiving written notice. (Id.)   Like the Settlement Agreement, the Note entitles Schaefer to six percent post-judgment interest as well as reimbursement for any reasonable attorney's fees and costs "incurred in filing, enforcing and collecting the judgment." (Id.)   The Note further provides that:

> In the event [Schaefer] is
> required to use the services of an
> attorney to collect this Note,
> [he] shall be entitled to all
> costs of collection including
> reasonable attorney's fees,
> regardless of whether any formal
> legal proceeding is filed.

(<u>Id.</u>) By their terms, the Note and the Guaranty are governed by New York law. (<u>Id.</u>)

Between February and October 2007, defendants made nine installment payments totaling $450,000. Defendants failed to pay the installment that became due in November 2007. (Pl.'s Rule 56.1 Statement ¶ 7; Def.'s Rule 56.1 Statement ¶ 7.) On December 12, 2007, plaintiff's counsel sent an e-mail to defense counsel notifying him of the late payment. (Pl.'s Rule 56.1 Statement ¶ 7; Def.'s Rule 56.1 Statement ¶ 7.) Defense counsel replied that payment was forthcoming, but no further payments were ever made. (Pl.'s Rule 56.1 Statement ¶ 8; Def.'s Rule 56.1 Statement ¶ 8.)

On July 18, 2008, plaintiff commenced this action for breach of the Settlement Agreement. The complaint alleges that, "[pursuant] to the express terms of the Settlement Agreement and the Note, plaintiff is entitled to judgment consisting of the remaining principal balance of five hundred and ten thousand dollars ($510,000) plus interest, reasonable attorneys fees,

costs, and such other and further relief as the Court deems just and proper." (Compl. ¶ 12.)

In their answer, defendants concede that they failed to make payments in breach of the Settlement Agreement, but explain that this "was not intentional and [was] due to the inability to raise capital in a timely fashion." (Answer ¶¶ 10, 12.).

On October 24, 2008, plaintiff filed the instant motion seeking judgment on the pleadings or, in the alternative, summary judgment. Plaintiff seeks the $510,000 balance that is due, plus pre- and post-judgment interest at an annual rate of six percent. He also requests $3,866.78 for attorney's fees and costs incurred through October 24, 2008.

The motion was fully briefed on November 14, 2008. Because the parties submitted declarations and exhibits, the Court deemed the motion to be one for summary judgment and directed the filing of statements pursuant to Local Rule 56.1.

## Discussion

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c).  "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Under New York law," which governs the contracts at issue in this case, "judgment as a matter of law is appropriate if the contract language is unambiguous." Photopaint Techs., LLC v. Smartlens Corp., 335 F.3d 152, 160 (2d Cir. 2003).

The parties' agreements unambiguously obligate defendants to pay $510,000, representing the balance of the principal owed, plus post-judgment interest at a rate of six percent per annum.  Defendants concede that they are liable for this amount. (Answer ¶ 10; Def.'s Rule 56.1 Statement ¶ 9; Def.'s Mem. of Law in Opp'n 3-4.)  Accordingly, summary judgment on the unpaid balance and the post-judgment interest will be awarded.

Plaintiff concedes in his reply brief that he is not entitled to pre-judgment interest under the terms of either the

- 5 -

Settlement Agreement or the Note. (Pl.'s Reply Br. 2)   These agreements provide for post-judgment interest only.   In requesting pre-judgment interest, plaintiff explains, he confused these agreements with a subsequent "agreement in principle" between the parties that supposedly did provide for pre-judgment interest. (Id.)   No such agreement in principle is alleged in the complaint or asserted in plaintiff's statement of uncontested facts.   Therefore, plaintiff's request for summary judgment with respect to pre-judgment interest is denied.[1]

The only dispute concerns plaintiff's entitlement to an award of reasonable attorney's fees and costs incurred in prosecuting this action.   Under New York law, a contractual provision requiring a breaching party to pay the other party's attorney's fees and costs in an action on the contract is enforceable if it is "'unmistakably clear.'" Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 177-78 (2d Cir. 2005) (quoting Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003).   Such a provision is construed strictly. Id.; F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).

---

[1]   Accordingly, the Court need not determine the exact date that the entire balance of the debt became accelerated pursuant to the Note, which is the date from which pre-judgment interest would run.

In this case, the Settlement Agreement provides only for attorney's fees and costs that are "incurred in filing, enforcing and collecting [a] judgment." Construing this language narrowly, it does not cover the fees and costs incurred in this action, which has been brought to obtain a judgment.

However, the Note provides that "[i]n the event [plaintiff] is required to use the services of an attorney to collect this Note, [he] shall be entitled to <u>all costs of collection including reasonable attorney's fees</u>, regardless of whether any formal legal proceeding is filed." (Compl. Ex. A (emphasis added).) Plaintiff has brought this action through his attorney to collect the Note. Therefore, his entitlement to attorney's fees and costs is unmistakably clear under the express terms of that agreement.

Defendants contend that "the terms of the Note are irrelevant to this proceeding" because "Plaintiff elected to sue on the Settlement Agreement." (Def.'s Rule 56.1 Statement ¶ 12.) Presumably, defendants are referring to the fact that the sole count in the complaint is titled "Breach of Settlement Agreement." However, the complaint demands relief, including attorney's fees and costs, "pursuant to the express terms of the Settlement Agreement <u>and the Note</u>." (Comp. ¶ 12 (emphasis added).) This sufficiently pleads a claim under the Note. As

- 7 -

in statutory construction, the title does not restrict the plain text. <u>See</u> <u>Rajah v. Mukasey</u>, 544 F.3d 427, 436 (2d Cir. 2008).

Defendants also argue that the reasonableness of the requested fees and costs presents a genuine issue for trial. To the contrary, the law in this Circuit is clear that, where a contract provides for an award of attorney's fees, the court rather than the jury determines the amount of the award. <u>McGuire v. Russell Miller, Inc.</u>, 1 F.3d 1306, 1313 (2d Cir. 1993). Plaintiff's attorney has submitted to the Court a sworn affidavit along with time sheets itemizing all work performed in connection with this case, billed at an hourly rate of $250. It is beyond dispute that the amounts stated represent costs of prosecuting this suit to collect the Note, which costs defendants have agreed to reimburse. The Court finds that the attorney's fees and costs requested by plaintiff are reasonable.

## Conclusion

Plaintiff's motion for summary judgment [doc. # 7] is granted in part. Defendants are liable to plaintiff in the amount of $510,000, with post-judgment interest thereon at six percent per annum, plus attorney's fees and costs in the amount of $3,866.78. The Clerk of the Court is directed to enter judgment accordingly. This case is closed.

**SO ORDERED**

**Dated:**     **New York, N.Y.**
          **January 22 , 2009**

                              _____
                                   **JOHN F. KEENAN**
                              **United States District Judge**